**GIBSON, DUNN & CRUTCHER LLP**
ASHLEY E. JOHNSON
ajohnson@gibsondunn.com
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: 214.698.3111
Facsimile: 214.571.2949

LAUREN R. GOLDMAN (*pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (*pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendant Meta Platforms, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### NO. 5:23-CV-00509-BO

| | |
|---|---|
| DAWN DYE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), defendant Meta Platforms, Inc. ("Meta"), through its undersigned counsel, respectfully requests that the Court take judicial notice of, and/or or deem as incorporated by reference, the following exhibits, filed in support of its Motion to Dismiss, which are attached to the accompanying Declaration of Darcy C. Harris.

**Exhibit 1** is a true and correct copy of Meta's Terms of Service, available at Meta's website: https://www.facebook.com/legal/terms/plain_text_terms.

**Exhibit 2** is a true and correct copy of Meta's Privacy Policy, available at Meta's website: https://mbasic.facebook.com/privacy/policy/printable/.

**Exhibit 3** is a true and correct copy of Meta's Cookies Policy, available at Meta's website: https://mbasic.facebook.com/privacy/policies/cookies/printable/.

**Exhibit 4** is a true and correct copy of Meta's Business Tools Terms, available at Meta's website: https://www.facebook.com/legal/terms/businesstools.

## ARGUMENT

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to matters subject to judicial notice and documents incorporated in the complaint by reference. *See U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Meta respectfully requests that this Court take judicial notice of public records; specifically, publicly available websites (Exhibits 1–4). This Court may also deem Meta's Cookies Policy (Exhibit 3) incorporated by reference.

### A. Materials From Public Websites

The Court may take judicial notice of all four exhibits under Federal Rule of Evidence 201 because they are from publicly available websites whose contents are not subject to reasonable dispute. *See* Fed. R. Evid. 201. Courts in this district routinely take judicial notice of websites and their contents. *See, e.g.*, *Allen v. Aldi, Inc.*, 2023 WL 2589689, at *6 n.5 (E.D.N.C. Jan. 3, 2023), *report and recommendation adopted*, 2023 WL 2587478 (E.D.N.C. Mar. 21, 2023); *Solum v. Certainteed Corp.*, 147 F. Supp. 3d 404, 409 (E.D.N.C. 2015); *Yongo v. Nationwide Affinity Ins. Co. of Am.*, 2008 WL 516744, at *9 (E.D.N.C. Feb. 25, 2008).

### B. Material Incorporated By Reference

The Court may also take judicial notice of Exhibit 3 under the incorporation by reference doctrine. Under the incorporation by reference doctrine, a district court may, when ruling on a motion to dismiss, consider documents outside the complaint when the document is "integral to and explicitly relied on in the complaint," the defendant attaches the document to its motion to dismiss, and "the parties do not challenge its authenticity." *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Exhibit 3 (Meta's Cookies Policy) satisfies this standard. Plaintiff refers (selectively) to this document in her complaint. *See, e.g.*, Compl. ¶ 31 & n.25. Further, plaintiff's claim that Meta received her information without her consent depends (in part) on the contents of this document. *See, e.g.*, *LCI*

*Int'l*, 190 F.3d at 618 (incorporating news article related to specific statement cited in the complaint where the article was needed for context).

Consideration of this document serves the core purpose of the incorporation by reference doctrine: to "preven[t] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002; *see also Solum*, 147 F. Supp. 3d at 409. The central theory of plaintiff's complaint is that Meta received her allegedly sensitive information without her consent. Meta's Cookies Policy contradicts those allegations, and therefore the full text of this document is essential for consideration of plaintiff's claim.

## CONCLUSION

Under the incorporation by reference doctrine and Federal Rule of Evidence 201, and for the reasons stated above, the Court should consider Exhibits 1 through 4 to the accompanying Harris Declaration when ruling on Meta's motion to dismiss.

| | |
|---|---|
| Dated: December 1, 2023 | **GIBSON, DUNN & CRUTCHER LLP**<br><br>By: */s/ Ashley E. Johnson*<br>ASHLEY E. JOHNSON (NC Bar No. 36213)<br>ajohnson@gibsondunn.com<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>Telephone: 214.698.3111<br>Facsimile: 214.571.2949<br>Local Civil Rule 83.1(d) Attorney for Defendant<br><br>*/s/ Lauren R. Goldman*<br>LAUREN R. GOLDMAN (*pro hac vice*)<br>lgoldman@gibsondunn.com<br>DARCY C. HARRIS (*pro hac vice*)<br>dharris@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br><br>*Attorneys for Defendant Meta Platforms, Inc.* |